The next case call for our argument is Weaver v. Weaver. Counsel, whenever you're ready, you may proceed. Afternoon, Your Honor. Afternoon. Mr. Stewart, I don't think I've ever met the two gentlemen. I've known each other for many years. My name is Dennis Fields, and I represent Mr. Weaver, the appellant on this case. This is a case coming from Monroe County. It's a case, the issue before this court is the application of 750 ILCS 5-505 to a split custody case. And that's the issue this court has to address. This court has yet to address this issue. If it hadn't, my opposing counsel and I would have signed up to you. In fact, there's only very limited cases out around this issue, and they're out of business. But I just wanted to point out to this court, in my years of practicing, you know, 25 years, I'd maybe see this issue maybe once every other year. You know, now, just in my own personal practice, I'm seeing it two to three times a year, these split custody cases. So now this is a very obvious and important issue, but it's an issue that comes up more and more, and that this court truly needs to address, and will address in this case. And what I'm suggesting to the court, and the path I'm asking to follow, is that under 750 ILCS 5-505, the title of that statute is child assault. That's the only statute that we have that deals with child assault. The title of that, that's the one that we've been given. The trial court said it is inapplicable because we have a split custody case. The third district has said it's inapplicable because it's a split custody case. Gentlemen, that's our toolbox. That's our what? That's our toolbox. That's the only tools we have. If we want to look at it in plain language, that is the only tools the judges, the attorneys, and even the litigants have to remedy a child assault, how to determine it. And what I'm suggesting to the court is when we, what we have in a split custody case is we have two people who each have custody. And that's the way the case should be analyzed. In other words, we have at least a parent, or a parent has at least one child in their custody. So if the focus is on what is in the best interest of that child, the only tools that we have are those that have been provided by the legislature. As I've said, if we throw them out, then we don't have any tools at all to make a judgment. Now, according to the statute, 750 ILCS 5 slash 505A, it says the court shall determine the minimum amount of support by using the following guidelines. Now, in this particular case, the court did not. He did not apply the guidelines whatsoever. He just said they're inadequate. And in essence, he did not use anything. He didn't tell us what he used. He just said it was inadequate. I believe he was relying on the Stedman case of the 3rd District. I mean, he didn't tell us anything, but I'm just assuming that he did, because that's the case on this. And I'd like for the court, when it analyzes this, when it looks at the Stedman case, to recognize the issue that was before the Stedman case. In the Stedman case, we had an agreement between the parties. And the trial court had approved the agreement based upon the stipulation of the parties. And the appellate court came back and said, when there's stipulation between the parties, the trial court did not go through an extensive examination of the evidence. It can rely on the stipulation of the parties. And finally, in its brief, the trial court, or the appellate court, then went along and said that it found that the 5 slash 505 was inadequate. And I think that they said that the legislature said it wasn't applicable. And gentlemen, I've gone through the legislative history. I've gone through the statute. I've gone through the, you know, and I can find no legislative history or nowhere in the statute that says, in determining child support in a split custody case, that 505 is not applicable. So your argument is, perhaps split custody is a situation where you can deviate from the guidelines. But if that's the case, you go to 505A2 and follow the guidelines there. That can be, as I stated in my brief, a fact that's a non-enumerable fact. And the court could so adopt it. I mean, in your world, you can take a look and say this. But you can't throw on the whole statute. So if the trial court here would have said, I'm considering the factors in 505A2, as the court did, but then also found what each would pay under the guidelines, as that statute requires, we'd be in a different situation. We'd probably be in a different situation. But then we would have the analysis on which to determine whether the reasonableness of it occurs. One of the things, I kind of look at the guidelines. I was thinking about this, talking to my dad 40-something years ago, talking about tools. And that was, I kind of see this, the guidelines as a square. And how much are we going to deviate from a square? And my dad taught me, when you want to determine how a square is, the numbers are 3, 4, 5. If your base is 3, or 3, 3 inches, 3 feet, your height is 4 feet, and your hypotenuse of your triangle is 5 feet. The golden triangle. The golden triangle. That's right. It's always there. You're square. You know where you're working from. Is there any precedent for, if you've got a split custody case, treating the guidelines as advisory but not mandatory? Something like the U.S. Supreme Court has said the federal district courts are to treat the sentencing guidelines as advisory and not mandatory. First off, I could find nothing to that effect. I'm saying my limited ability. I wasn't able to find anything. But the statute itself and how we've interpreted these statutes through the years, when the legislature says the court shall. But it also phrases it in terms of custodial parent and non-custodial. And so what I'm wondering is if you don't have a non-custodial element because of split custody, what do you think the consequences would be of treating the guidelines as advisory? And this court basically saying that they shall be treated as advisory, and that's where you start, but they're not binding as guidelines. Well, I think the statute provides for that itself under Section 2. So, in essence, Section 2 provides that if the trial court finds that they're inappropriate. But we can't just, what I'm saying is my argument is that we can't throw part of the statute away. Well, what import do you give to the trial court's finding that I find each parent is financially capable of providing for each child's support? Do we take that to mean anything? That would be under B, the financial resources and needs of the custodial parent. I think it's the only way we could apply that. But then we've ignored the rest of the statute. We haven't analyzed the financial resources of the child. The trial court never even addressed that. In fact, the trial court itself never addressed Section 2, not that I'm aware of. I think we can say that that applies there, but I don't see where – I mean, it could. And then we're in a situation, before this, of whether or not he – his findings were against the manifest way to the evidence. Whether or not the trial courts – But there was a finding that each parent was financially capable of providing sufficient support for each child. But here's the thing we don't have. We don't know what the financial capabilities of each parent are because the trial court never gave us that finding. Could you not assume that the trial court took into consideration the lifestyle, the standard of living of the child? The other enumerated sections here. But you would have to assume, without anything more in the order of what you said, that the appellate court would have to assume that he made this determination without any evidence that the trial court made this determination, and that he – before making this determination, I think that's what the – Well, the father could come back and say, well, wait a minute now. My son got to go to all these camps and had extra tutors for whatever it is, and now we can't do that. I mean, he's still going to have the roof over his head, adequate food and schooling and whatever there. But the standard of living has gone down. Significantly in this particular case. But is there evidence in the file or in the record to indicate that the standard of living – Absolutely. There is? Yes. Okay. You know, that the trial court did not take that – I mean, there's no evidence that the trial court took that into consideration. So therefore, you would argue that that part of the trial court's ruling that I just read to you is manifestly wrong because each parent is not capable – Is not capable – Of financially providing for their respective – That is correct. Okay. But I think before we get to that point, we have to go back to the statute, to the section 1, and make the determination, as I just pointed out, of what is square. Otherwise, what we're dealing with, we don't have a mark to judge on. We're kind of – you know, if we don't have the square, if we're going to deviate from the square, we have to know what square is. But what you're saying is if the trial court would have made determinations as to net income and one parent has net income of $20,000 per year and the other has net income of $100,000 per year or more – Correct. Then we have something to look at and decide whether or not the trial court abused his discretion in his decision. Then we've got something to work from. Right. And in this case, we don't have anything. This court doesn't really have anything to base its decision on. When you have the statute, itself gives you that. And that's what – you know, the whole point of my argument is that I want to know – this court needs to know what square is. To know when you deviate from it, where – you know, what is square, and then how much did you deviate from square, and why did you deviate from square. And the statute specifically requires the trial court to state – this is if the court deviates from the guidelines, however it sets up, the court's findings shall state the amount of support that would have been required in the statute. Okay? So now we know what square is. The court shall include the reason or reasons for the variance. Now we can make that determination. I can tell. My client can tell. The opposing counsel can tell. We know why. Because we see what square is. Once we see square, then we can tell. Then the court can give us its reasons for deviation. But without that guideline, we don't have any anger. We don't have anything to work from. That's why I believe that that section is in the statute. And so the judges, the appellate court, the litigants, everyone has something to base their decision upon and to see the fairness and to see why it is done the way it is done. Based upon that, General Adams, the trial court said it was inalienable. I believe this court should reverse him on that and say that the guidelines, 505, are in split-custody cases. And suggest to the trial court that it analyzes the case as it is. It's two separate custodies.  Thank you, counsel. Counsel? Counsel? Thank you, Your Honor. May it please the court, my name is Michael Gross. I'm appearing on behalf of the appellate, Debra Weaver. The starting point for this appeal, I believe, is the notion that's been recognized in the third district that there is no specific guideline for a split-custody case. The guidelines at least don't clearly address a split-custody situation. Logically, I think they don't work for a split-custody situation. They don't provide the answers. So it's not Okay, let me stop you there. But 505, the statute, provides for what the court's supposed to do when the guidelines don't really work. Well 505A2 This judge specified in his judgment, this is a good part of my response to that question. Judge Doyle specified in his order that he had considered the section 505A2 factors. He considered the factors. But he didn't follow 505A2 because he didn't determine what the net income for each party would be or what they would have to pay under the guidelines, right? That's correct. Doesn't that leave us in kind of a standardless situation here? It's just the trial judge says I considered the factors and I'm leaving everybody where they are with no determination of what their incomes are or anything like that. There's no question that I haven't had the burden of being an appellate judge, but I've worked on some appeals, and I recognize it's got to be difficult to review a case that doesn't have the factual findings that you're looking for. But that problem is not limited to this situation. I think that's a systemic problem, that when you don't get sufficient factual findings from the trial judge, which can happen in almost any kind of case, you have to revert to the rules of appellate review, which is to assume that the court found the facts consistent with its judgment. And in this particular context, child support context, and not just in a split custody case, there is, in this case, there was a basis for finding that Mr. Weaver was not credible in his testimony with respect to his income. You don't have the benefit of a trial court finding to that effect, but there are inconsistencies and omissions in his testimony and in the evidence that he provided of his income. And there is clear authority in Illinois for the proposition that when there isn't credible evidence from which the income of a spouse or a parent can be determined, the trial court has to do the best it can to make an award that's reasonable in the circumstances. And once again, that's provided for in 505, the statute, right? In other words, if the trial court's following the statute and the trial court cannot determine net income, because as we often see, maybe somebody's an independent contractor, they deal in cash only, whatever, then the trial court's supposed to make its best judgment about it. But again, you're following the statute, though, right? I wouldn't – I hate using the word concede, but I would concede that if the statute – if the guidelines are applicable to a split custody case, if the statement of the case is wrong and the guidelines are applicable to split custody, then you've got to comply with the statute. But what I would – the position that Mrs. Weaver has taken in this court that I am presenting to the court is that the guidelines don't fit. They're just not designed for this situation. And the problem is not that the courts have thrown out the toolbox. The problem is there's a tool that's not in the toolbox. Well, the question is, I don't think there's really anybody that's disputing that the guidelines don't fit this kind of situation. That's 505A1. But the question is, does 505 apply? Because 505A2 provides for what happens when the guidelines don't fit. And isn't the question, well, the trial court complied with 505A2. Right, but I'm chasing my tail. Not a good position to be in either. But basically, the position the settlement court took in that – with respect to that issue and that I would think is correct is the guidelines either apply or they don't apply. And if they don't apply, you don't have to comply. The trial judge doesn't have to comply. From a policy standpoint, why shouldn't we apply to split custody cases? Because the mechanism doesn't – because the legislature is making some arbitrary decisions. They are the policy because they've been made. But they're not the gospel. It's just the law for Illinois. But the guidelines, assuming they are applicable, takes into account that there will be deviations. The requirement for deviations is that a deviation up or down basically be explained by the trial court. And so why wouldn't 505A2 apply considering the trial court has explained the reasons for deviation? I would, first of all, in response to part of what you just said, Judge Goldenberg, and in response to what was said a little earlier, what you asked earlier, I would – Oh, about the advisory status. Right, I was going to ask you that next. I think there is an advisory – I'm sorry? I think that the guidelines are there, not officially as advisory – not like the sentencing guidelines became officially advisory after the Booker decision. But there they are. A trial judge who is looking for a reality check or for some guidance about what's appropriate in this situation can look and see this is what the legislature thinks child support ought to consist of. But it doesn't. The legislature has not made it clear at all that it figures these guidelines – how it is that I'm supposed to apply these guidelines in a split custody case. The guidelines are pretty clearly designed for a single custody context. And they don't say 20 percent from this parent to this parent for these kids. But aren't they phrased in terms of a totality? You have net income here. You've got a percentage here. They're phrased in terms of a totality. We now have a situation, which the legislature did not contemplate, of split custody cases. But the legislative action on its face obviously contemplates a totality of a given income to constitute support. Wouldn't a trial judge be capable of making the findings on income, making the findings on expenses, considering what a totality of income is available in which to determine support, and then by exercise of that trial court's discretion determine which party has what percentage of the total percentage that the legislature contemplated as adequate for child support? Mike, the short answer is I think the legislature ought to be the ones to say that. When the legislature usurps what would otherwise be judicial authority to figure out what ought to be done in a particular context in a particular kind of case, as long as the legislature is acting within its power, the courts are going to conform to that. They're going to follow those guidelines. When the legislature hasn't made it clear that it intended its usurpation of that judicial function to expand beyond what it clearly expanded to, then I guess there's some statutory construction to be done. And I believe the correct result in that situation is it's not like trial courts can't figure out what to do about child support. They didn't always have guidelines. Right. And so I would say the courts are on their own with respect to the guidelines. The guidelines are a great reference, and the legislature may very well decide to create guidelines for split custody cases, and as Mr. Field said, they probably should, but they haven't. And different judges are going to have different ways of figuring out how the guidelines ought to be interpreted for this particular situation. It will be different again when it's two kids here and one kid here, or three kids here and two there, and this parent has this much income and this parent has this much, this kid has this needs, and so forth. And leaving trial judges free to perform the function of judges, which is find facts, refer to the governing law where it's clear, and come up with what's just where it's not clear, I think is the right solution here. The guidelines just aren't designed for this situation. They're a great reference, but that's all they are at present in a split custody case. I don't know if I have an answer. Oh, you do. Fine. Sure. Okay, I'm still having a little trouble here. 505 is not the guidelines. 505 is child support. Right. 505A1 is the guidelines. All right. And 505A1 says you apply these guidelines. 505A2 tells us what to do if the guidelines don't apply. So if we assume the guidelines don't apply, why wouldn't we be applying 505A2? That's the way the statute's written. I guess the way that I've read the statute, I don't have it in front of me, and I don't know that I've been able to look at it. Do you want to look at it? Okay. Well, and while you're getting that, I mean, I'm just reading the statute here. It says the above guidelines shall be applied in each case unless the court makes a finding that application of the guidelines would be inappropriate, considering certain factors. And then it says if the court deviates from the guidelines, the court's finding shall state the amount of support that would have been required and other things. So why would we have to follow that second part of the statute if the guidelines don't apply? I guess that my reading of that section is that the legislature is saying if the application of the guidelines is inappropriate for some reason, then this is what you do. And what Mrs. Fields is saying, what I think the statute construed the way I would construe it, I think, says, is that that's if the guidelines are applicable, but there's some reason you're not going to apply them in this case. And the guidelines that appear in Subsection A-1 aren't applicable. It's not that there's something about this case that makes it inappropriate to apply them. It's that they aren't designed to deal with a split-custody situation. And therefore, the judge, as the settlement court decided, the judge ought to just figure out what's appropriate in the case. That's also what the case that I was looking at about when you can't – when a child just can't make a finding about the available income for a parent or a spouse was the Takata from – I didn't make a note of which district it was from, but it's 709 Northeast 2nd, 715, and this is at page 723. And they said that when you can't figure out what the net income is, the trial court agreed to that. The trial court was compelled to make the award of child support in an amount that was reasonable in the case. And that's the general principle, I think, that guided child support calculations before there were guidelines. So I would say if there aren't guidelines that apply in a split-custody case, that the trial court should do what trial courts have always done. Counsel, could we move on to one other thing that was raised that hadn't been mentioned yet, I guess, but about the attorney fees? Do you believe that there's a requirement that there must be an inability to pay? I've got that argument in the brief, and I think that's a viable argument. But I think that there are more additional reasons why the award in this case should not be reversed. Could you address some of that? A second reason that it shouldn't be reversed is the absence of an evidentiary basis for making a finding of Mr. Weaver's income. The trial judgment went well within its authority in finding this testimony wasn't credible, therefore, that he failed to give evidence from which a fine could be paid. And the third reason, and really the reason that I'd be happy to fall back on, is the standard of review, which I think is the key in both of the issues here. The standard of review is going to be, did the trial judge abuse his discretion in deciding in this case to make each party pay their fair share? What you have in the record is, with respect to Mrs. Weaver's income, it was real high in 2008, $280,000, I think. It was less than half of that, if I recall correctly, in 2005. She testified that she was behind 2008 when the case was tried in May, I believe, of 2009. And she expected it to get worse, and she explained why it was getting worse, which is that she had work in St. Louis and in Missouri, and Missouri had an active court reform, and she was getting considerably less work for her court reporting agency. And the trial court, for the same reasons that it was entitled to disbelieve or find not credible Mr. Weaver's testimony, it was entitled to find Mrs. Weaver's testimony perfectly credible. The key is not that I know what the credibility findings were. The key is that there's a basis in the record for finding that Mr. Weaver's living, he's got a $60,000 a year plus income. We don't know how much plus. And he's living in a home where it doesn't look like he's making mortgage payments, so it looks like he's living close to rent free. I don't know if that's so or not. I don't even know what's in the record. And Mrs. Weaver has a declining income. There's a basis there for saying everybody can pay their own courtesy. She's got more money than him, but who knows how much or for how long. But he's got enough that he can pay the share of the guardian that might have paid him. Thank you, Counsel. Thank you. Counsel? Yes, sir. Where are you from? I'm sure you don't remember that. Just to fill in your question on the inability to pay, you've got the 5th District. You guys have already ruled that inability to pay is a requirement of the 5th District, and I'm asking you to revisit that issue. You know, that's the Bowlby case. I'm asking you to revisit that issue. Because nowhere in the statute does it say that someone who's applying to have their attorney's fees paid by an opposing party has to prove an inability to pay. It's not in the statute. That requirement was judicially created many years prior to the enactment of the current statute, and this Court has adopted it. It was adopted in the Bowlby case. I'm just being straight up with the Court. I believe the Court was wrong when it adopted that. But even with an inability to pay, if we're talking about Mr. Weavers, I mean, they might have been brought up about, well, he could have this, that, the other. We turned in his tax return. I mean, that was as good evidence as I can give as to his income. And that was very specific. It showed, you know, how much he had made. He made $60,000. He was on a salary. This is it. He admitted he had one other source of income, and that's it. He was up front. We have Deborah Weaver here who made the year we're talking about, or in 2008 on her tax return, she made over $281,000. $60,000 versus $281,000. And she testified she had available to her net that year over $359,000. That was her putt. She had spent it to her. If the Court looks at the financial abilities of the parties, and that's what the statute asks you to do, other trials would do, the balance of justice indicates that she should be required to be a part of this, at least part of this. And if he had made some findings to the fact that I think the Court could have found that he was causing additional litigation or he caused this, then I could see how the Court could vary from that. But there were no findings to that effect. There was no evidence to that effect. My client had, you know, forced this litigation. With regard to the child support, do you gentlemen have any questions that you want me to answer? Or are you set? If I don't, if not, then I will just move. Do you have any questions? Very good, sir. Thank you. Thank you, counsel. We appreciate it. The briefs and arguments of both counsel will take this case under advisement. Thank you.